MARY ANN SMITH
Deputy Commissioner
SEAN M. ROONEY
Assistant Chief Counsel
MARLOU de LUNA (State Bar No. 162259)
Senior Counsel
DANIELLE A. STOUMBOS (State Bar No. 264784)
Senior Counsel
KELLY SUK (State Bar No. 301757)
Counsel
Department of Business Oversight
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 576-7591
Facsimile: (213) 576-7181
Email: Marlou.deLuna@dbo.ca.gov
         Danielle.Stoumbos@dbo.ca.gov

Attorneys for the People of the State of California

State of California - Department of Business Oversight

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:16-bk-26101-BB |
| CHRISTOPHER P. EPSHA, | Chapter 7 |
| | Adv. No. [not yet assigned] |
| Debtor. | |
| _____ | COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(19) |
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through the Commissioner of Business Oversight | |
| | (Hearing date to be set by summons) |
| Plaintiff, | |
| v. | |
| CHRISTOPHER P. EPSHA, an individual | |
| Defendant. | |

1

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(19)

Creditor, The People of the State of California, by and through the Commissioner of Business Oversight ("Plaintiff") (formerly Commissioner of Corporations) alleges against Debtor Christopher P. Epsha ("Defendant") as follows:

## PARTIES AND JURISDICTION

1. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 523 and Federal Rules of Bankruptcy Procedure 4007 and 7001(6). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) in that the above-captioned Chapter 7 case is pending in this district. This complaint is brought under 11 U.S.C. § 523(a)(19).

3. Plaintiff is the chief officer of the Department of Business Oversight ("Department"). The Department is the state agency that regulates the offer and sale of securities in California. Corporate Securities Law of 1968 ("CSL") (Cal. Corp. Code § 25000 et seq.).

4. Defendant is, and at all times relevant hereto was, an individual residing in the State of California within the counties of San Francisco and Los Angeles.

5. Defendant was at all relevant times a co-founder and managing member of Investco Management & Development, LLC ("IM&D").

6. IM&D was at all relevant times a California limited liability company formed on February 17, 2006, with a principal place of business of 2145 19th Avenue, Suite 203, San Francisco, California 94116, engaged in the business of purchasing and managing real property on behalf of limited liability companies.

## STATEMENT OF FACTS

**IM&D violated California securities laws by failing to disclose material information about unqualified, non-exempt securities it offered and sold to California investors**

7. Beginning in June 2006 and continuing thereafter, Defendant as a control person and managing member of IM&D formed a series of California limited liability companies, starting with Investco AV7 LLC and numbered consecutively through Investco AV22 LLC (with the exceptions

State of California - Department of Business Oversight

of AV13 and AV17 which do not exist) (the "Investco AV LLCs").  IM&D was the managing member of each Investco entity.

8. Also during this time, for each Investco AV LLC formed, Defendant as control person and managing member of IM&D formed and managed corresponding consecutively numbered Landco LLCs, specifically Landco AV7 LLC though AV22 LLC ("Landco LLCs") (with the exceptions of Landco AV13 LLC and Landco AV17 LLC).

9. Beginning in September 2006, IM&D offered and sold securities in the form of interests in Investco AV LLCs to at least 251 investors amounting to at least $12,283,000.

10. IM&D offered and sold these securities to the public at trade shows and fairs throughout California and through the internet from the following websites www.investcomanagement.com and www.imdira.com.

11. The offers and sales of these securities were not qualified and were not exempt.

12. IM&D represented to prospective investors that their investment funds would be used to negotiate and purchase specific real property in rural Los Angeles County at a favorable price, to manage the property for a period of time in anticipation of appreciation due to projected population growth, and then to sell the property either "as is," with entitlements for development, or developed.

13. IM&D disclosed to prospective investors the compensation that it would receive as a manager for an Investco AV LLC.  This compensation would include a commission at the time of the purchase of the property, a commission at the eventual sale of the property, management fee over several years, and a share of the profits upon the eventual sale of the property.

14. Defendant did not disclose to prospective investors in the Investco AV LLCs that:

   a. For each Investco LLC formed, Defendant as control person and managing member of IM&D formed and managed corresponding consecutively numbered Landco LLCs;

   b. For each real property purchased by an Investco LLC (with the exception of real property purchased directly by Investco AV10 LLC and Investco AV11 LLC), a Landco LLC had first purchased the same real property only weeks or months before at a substantially lower price; and

      c. IM&D, as the Landco LLC manager, was receiving significant fees, commissions, or profits from the prior purchase and from the sale of the property of the Investco AV LLC (the "Landco Fraud").

      d. For example, Investco AV12 LLC investors were not told that the real property they purchased from Landco AV12 LLC ("Landco 12") for $375,000 (with an escrow closing date of September 17, 2007) had been purchased by Landco 12 for $207,850 just one month earlier (with an escrow closing date of August 14, 2007), and that IM&D was to receive from the sale of the real property by Landco 12 to Investco 12, 81.9% of the net profit and a total of $150,000 in profit, commissions, and management fees.

15. These material facts caused the value of the interest in the Investco AV LLCs to be significantly lower than what was represented by IM&D to prospective investors, and IM&D's failure to disclose those facts was fraudulent.

**Defendant was ordered to desist and refrain from violating California securities laws**

16. On February 18, 2009, Plaintiff issued a Desist and Refrain Order ("D&R Order") to Defendant, IM&D, and a co-managing member, Steven Thompson ("Thompson") for violations of Corporations Code sections 25110 and 25401, finding that the interests in the Investco AV LLCs were securities that had been offered and sold without qualification or exemption through general solicitations, including solicitations at trade show booths; and finding further that in connection with these offers and sales, IM&D omitted to disclose material facts to potential investors regarding the Landco Fraud.

17. Pursuant to Corporations Code section 25532, Plaintiff ordered Defendant, IM&D, and Thompson to desist and refrain from the further offer or sale of securities unless qualified or exempt, and to desist and refrain from misrepresenting or omitting materials facts in the offer or sale of securities.

18. Defendant, IM&D, and Thompson requested an administrative hearing to challenge the allegations and findings in the D&R Order. A hearing was held before an Administrative Law Judge on the Office of Administrative Hearings on September 29 and 30, and November 4, 2009,

State of California - Department of Business Oversight

after which the D&R Order was upheld in its entirety on April 6, 2010. A writ was not sought pertaining to that decision and it became final. The final administrative decision is attached hereto as Exhibit 1 and incorporated herein by reference.

19. Following the issuance of the D&R Order, and in violation of the D&R Order, IM&D continued to offer and sell unqualified, non-exempt securities at trade shows and fairs through general solicitations, and continued to misrepresent and omit to disclose material facts in the offer or sale of these securities, including the failure to disclose the existence of the D&R Order.

### Plaintiff filed a civil enforcement action against Defendant for California securities law violations

20. In January 2011, Plaintiff filed a civil action in the Superior Court of California, County of San Francisco, against Defendant, IM&D, the Investco LLCs, among others, for alleged violations of state securities laws (the "State Court Action").  The complaint filed in the State Court Action, entitled *People of the State of California, by and through the California Corporations Commissioner v. Investco Management & Development LLC, et al.*, (Case No. CGC-11-507316) is attached hereto as Exhibit 2 and incorporated herein by reference.

21. The Commissioner set forth three causes of action in the State Court Action:

    a. **Violation of Corp. Code section 25110.**

        i. Corp. Code section 25110 provides in relevant part:

> It is unlawful for any person to offer or sell in this state any security in an issuer transaction . . . unless such sale has been qualified under Section 25111, 25112 or 25113 . . . or unless such security or transaction is exempted or not subject to qualification under Chapter 1 (commencing with Section 25100) of this part. . . .

        ii. The Commissioner alleged that Defendant violated Corp. Code section 25110 when IM&D offered and sold unqualified, non-exempt interests in the Investco AV LLCs through general solicitations, including solicitations at trade shows.

///

///

b. **Violation of Corp. Code section 25401.**

   i. Corp. Code section 25401 states as follows:

   It is unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a security in this state, by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

   ii. The Commissioner alleged that Defendant violated 25401 when IM&D failed to disclose the following material facts to potential investors in connection with the offer and sale of securities: (1) the Landco Fraud; and (2) the scope and existence of the 2009 D&R Order. The misstatements and omissions were material facts within the meaning of Corp. Code section 25401 since they concerned matters which a reasonable investor would consider in deciding whether to invest. The fraud resulted in the value of the Investco AV LLCs interests to be substantially lower than represented by Defendant to prospective investors.

c. **Violation of Corp. Code section 25532.**

   i. Corp. Code section 25532 states in relevant part:

   (a) If, in the opinion of the commissioner, (1) the sale of a security is subject to qualification under this law and it is being or has been offered or sold without first being qualified, the commissioner may order the issuer or offeror of the security to desist and refrain from the further offer or sale of the security until qualification has been made under this law. . .

   . . .

   (c) If, in the opinion of the commissioner, a person has violated or is violating Section 25401, the commissioner may order that person to desist and refrain from the violation.

   ii. The Commissioner alleged that Defendant violated 25532 by failing to comply with the D&R Order.

**Defendant settled the State Court Action, agreeing to provide investors with restitution**

22.     The Commissioner obtained a preliminary injunction in the State Court Action on June 30, 2011.  Thereafter, the parties entered into a settlement agreement on May 12, 2012 ("Settlement Agreement").  The Settlement Agreement resolved the allegations that Defendant violated California securities laws.  The Settlement Agreement is attached hereto as Exhibit 3 and incorporated herein by reference.[1]

23.     Under the Settlement Agreement, the court entered an interlocutory judgment and appointed a Special Master to monitor the recoverable assets for investors, mostly consisting of unimproved real property in the California Antelope Valley (the "Properties").  In July 2014, the court amended the interlocutory judgment and amended the order appointing special master (collectively, "Amended Orders").  Under the Amended Orders, the Special Master must place the Properties in escrow by May 28, 2018.

24.     Under the Settlement Agreement, the individual defendants (consisting of Defendant and three other individuals) agreed to jointly and severally provide investors with 70-77.5% of the investor's initial investment after the Properties are sold, if the sale of the Properties plus any amounts remaining in the LLCs' bank accounts does not otherwise cover this amount (the "Debt").  The Defendant also agreed that this payment may be converted to a civil penalty payable to the Commissioner upon the occurrence of certain triggering events.

**Defendant filed a petition for chapter 7 bankruptcy, seeking to discharge the Debt resulting from the settlement agreement for state securities law violations**

25.     On December 7, 2016, Defendant filed a petition for Chapter 7 bankruptcy with this Court.  *In re Christopher Paul Epsha*, 2:16-bk-26101-TD, United States Bankruptcy Court for the Central District of California  (Docket Number 1).  Defendant seeks to discharge "all financial

---

[1] Although the Settlement Agreement is marked "Confidential," it was publicly filed in the State Court Action on October 31, 2016 and in this Court on December 23, 2016 *In re Christopher Paul Epsha*, 2:16-bk-26101-TD (Docket Number 11-2) and is therefore no longer confidential.  *In re Laurel Canyon MK2, LLC*, 15-bk-11763-MB (Bankr. C.D. Cal. Oct. 6, 2015) (denying ex parte application to file settlement agreement under seal because the publicly filed complaint disclosed much of the substance of the confidential settlement agreement).

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(19)

State of California - Department of Business Oversight

obligations arising under section 3 of the Confidential Settlement Agreement. . . ." Schedule E/F Part 4.3.

## FIRST CAUSE OF ACTION
Debt Resulting From Settlement Agreement For State Securities Law Violations
11 U.S.C. § 523(a)(19)
(As against Defendant)

26. Paragraphs 1- 25 are incorporated herein by reference as if set forth in full.

27. Defendant has not yet made the payment required by the Settlement Agreement.

28. The Debt required under the Settlement Agreement entered into by Defendant is a result of violations of State securities laws (Corp. Code sections 25110, 25401 and 25532) as described herein.

29. The Debt is non-dischargeable under 11 U.S.C. § 523(a)(19) which provides, in part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt--
>
> (19) that--
>
> (A) is for--
>
> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934 [15 USCS § 78c(a)(47)]), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>
> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
> (B) results, before, on, or after the date on which the petition was filed, from--
>
> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
> (ii) any settlement agreement entered into by the debtor; or
>
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

WHEREFORE, Plaintiff prays for a final judgment against Defendant as follows:

1. For judgment that Defendant violated state securities laws;
2. For a determination that the debt is non-dischargeable; and
3. For such other relief as the Court may direct.

Dated: March 13, 2017

Respectfully submitted,

JAN LYNN OWEN
Commissioner of Business Oversight

By: /s/ Danielle A. Stoumbos
    DANIELLE A. STOUMBOS
    Senior Counsel

Attorneys for the People of California

9

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(19)

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
320 W. 4th Street, Suite 750, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*): Complaint to Determine Non-Dischargeability of Debt Under 11 U.S.C. Section 523(a)(19) with Exhibits 1 though 3

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/13/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Andrew S Mansfield on behalf of Debtor Christopher Epsha amansfield@mansfield.law, blythe@mansfield.law; mcpclawfirmcmecf@gmail.com;echeney@mansfield.law, Peter J Mastan (TR) pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com, Byron Z Moldo on behalf of Interested Party Courtesy NEF bmoldo@ecjlaw.com, lpekrul@ecjlaw.com, United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/13/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/13/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
United States Bankruptcy Judge  (by overnight mail service)
Hon. Sheri Bluebond, Chief Judge
United States Bankruptcy Court Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534/ Courtroom 1539, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/13/2017 | Ericka Porras | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Employment Development Dept
Bankruptcy Group MIC 92E
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Andrew Martin
Holman & Martin
20 Sunnyside Ave., Suite A-418
Mill Valley, CA 94941-1933

Anthem Blue Cross
P.O. Box 9041
Oxnard, CA 93031-9041

Bank of America
Nc4-105-03-14
P.O. Box 26012
Greensboro, NC 27420-6012

Bank of America
P.O. Box 982238
El Paso, TX 79998-2238

Barry D. LeBendig
1131 Compass Ln #212
P.O. Box 8133
San Mateo, CA 94404-8133

Barry D. LeBendig
1131 Compass Ln #212
San Mateo, CA 94404-3434

CBE Group
1309 Technology Pkwy
Cedar Falls, IA 50613-6976

Credit Control, LLC
5757 Phantom Drive, Suite 330
Hazelwood, MO 63042-2429

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

Calvary Portfolio Services
500 Summit Lake, Ste. 400
Valhalla, NY 10595-2322

Calvary Portfolio Services
P.O. Box 27288
Tempe, AZ 85285-7288

Capital Recovery Corp.
P.O. Box 1008
Alpharetta, GA 30009-1008

CBE Group
Attn: Bankruptcy
P.O. Box 900
Waterloo, IA 50704-0900

Chase Card
Attn: Correspondence
P.O. Box 15298
Wilmington, DE 19850-5298

Chase Card
P.O. Box 15298
Wilmington, DE 19850-5298

Douglas R. Hanson
2555 Flores Street #555
San Mateo, CA 94403-2345

Douglas R. Hanson
701 Skyway Road
San Carlos, CA 94070-2703

HealthNet Inc.
P.O. Box 894702
Los Angeles, CA 90189-4702

IPFS
P.O. Box 412086
Kansas City, MO 64141-2086
Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Investco Management and Development
701 Skyway Road
San Carlos, CA 94070-2703

Investco Management and Development
c/o Doug Hanson and Steve Thompson
2555 Flores #555
San Mateo, CA 94403-2345

Investco Management and Development
c/o Doug Hanson and Steve Thompson
2555 Flores #555
San Mateo, CA 94403-2345

Jeffrey Bryant
On Behalf of Jeffrey Bryant IRA
c/o Hornstein Law
275 Battery Street, 16th Floor
San Francisco, CA 94111

Kim Agasaveeran
On Behalf of Kim Agasaveeran IRA
c/o Hornstein Law
275 Battery Street, 16th Floor
San Francisco, CA 94111

Marc Haber, Esq.
Alan Sparer, Esq.
Sparer Law Group
100 Pine St. 33 Fl.
San Francisco, CA 94111-5128

Moss and Barnett
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402-4129

Special Master James H. Donell
12121 Wilshire Boulevard, Suite 1120
Los Angeles, CA 90025


Stephen G. Thompson
2555 Flores Street #555
San Mateo, CA 94403-2345

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                               F 9013-3.1.PROOF.SERVICE

Stephen G. Thompson
701 Skyway Road
San Carlos, CA 94070-2703

Suttell, Hammer & White APC
P.O. Box C-900006
Bellevue, WA 98009

Thomson Reuters West
P.O. Box 6292
Carol Stream, IL 60197-6292

United States Trustee (LA)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

Val D. Hornstein
Hornstein Law
275 Battery Street, 16th Floor
San Francisco, CA 94111

Andrew S Mansfield
Mansfield Law Corporation
2775 N. Ventura Rd., Suite 201
Oxnard, CA 93036-2271

Christopher Paul Epsha
16150 Sunset Blvd., Unit D
Pacific Palisades, CA 90272-3491

Peter J Mastan (TR)
550 S Hope Street, Suite 1765
Los Angeles, CA 90071-2669

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           F 9013-3.1.PROOF.SERVICE